SMITH *vs.* MERWIN.

Under the provisions of the revised statutes authorizing the recovery of damages and also a *penalty* against witnesses, for non-attendance when duly subpœnaed, a count in *case* and a count in *debt* may be joined in the same declaration.

It is not necessary in the count in *case* to refer to the statute, nor in the count in *debt* to name the subject matter of the statute under which the action has accrued, as that it had accrued "according to the provisions of the statute concerning witnesses," &c.; it is enough to name the part chapter, title, article and section of the statute.

Where there is a misjoinder of counts, the defendant can avail himself of the objection only by demurring to the whole declaration: he cannot plead to one count and demur to the other, although the action be in part penal.

DEMURRER to declaration. The declaration contained two counts. The first was in *case,* for *damages* sustained by the plaintiff in consequence of the non-attendance of the defendant as a witness when duly *subpœnaed,* concluding by claiming $1000 as such damages, *according to the provisions of part 3, ch. 7, tit. 3, art. 6, §43* of the revised statutes. The second count was in *debt* for $50, stating that an action had accrued to the plaintiff to demand that sum from the defendant *according to the provisions of part 3, ch. 7, tit. 3, art. 6, §43* of the revised statutes, and alleging non-payment of that sum, to the damage of the plaintiff of $1000, and therefore he brings suit, &c. The defendant pleaded *non cul.* to the first count, and put in a *general demurrer* to the second count. The question upon the demurrer was submitted on written arguments.

*A. J. Parker,* for the defendant, insisted that the *second* count must be deemed a count in *assumpsit.* The statute, in a case like this, authorizes that action, 2 *R. S.* 480, §1, and the conclusion *claiming* damages, shows that it was so intended by the pleader. Being in assumpsit, it is bad for the want of a *promise* to pay. If it be deemed a count in *debt,* it is bad for omitting to show *how* the indebtedness accrued ; and whether it be a count in *assumpsit* or in *debt,* it is defective for not *naming the subject matter* of the statute under which it is claimed

NEW-YORK,
May, 1836.

Smith
v.
Merwin.

the cause of action has accrued, as that it had accrued " according to the provisions of the statute concerning witnesses," &c. 2 *R. S.* 482, §10, 11.　Besides, *debt* and *case* cannot be joined in the same declaration.　1 *Chitty's Pl.* 199.　In penal actions, a *general* demurre ris equivalent to a *special* demurrer in other actions, and the defendant therefore may avail himself of formal defects.　1 *Chitty's Pl.* 358.　2 *East*, 353.　6 *Cowen*, 290.

*S. Gordon,* for plaintiff.

*By the Court,* NELSON, J.　The first count of the declaration is in *case,* concluding with a reference to the statute, 2 *R. S.* 400, §43, which gives " the proper action " for the injury complained of.　This act is merely declaratory of the common law, and the reference to it in the declaration is immaterial, but yet we cannot say such reference is objectionable, as the plaintiff may put his case upon the statute if he see fit.　A special action on the case is the appropriate remedy, where damages are sought to be recovered by the aggrieved party. 2 *Doug.* 566. 1 *Phil. Ev.* 4. 1 *Archb.* 172. 1 *Campb.* 14. 9 *East*, 473. 12 *Wendell,* 638.　*Assumpsit* might, I think, be sustained, where the fees tendered a witness were received by him, under the implied promise arising from accepting the money—and probably it might upon a mere tender and refusal: though it seems to me, upon general principles, there would be some difficulty in sustaining it without confounding the two actions.　Neither of these positions, however, need be asserted in the present case.

　The statute, 2 *R. S.* 400, §43, not only gives " the proper action" for the recovery of the " damages" sustained in consequence of the non-attendance of the witness, but declares that the delinquent shall forfeit to the party aggrieved *fifty dollars* in addition to such damages, " to be recovered in a separate action, or in the same action commenced for the recovery of such damages."　Where no particular mode is prescribed for the recovery of a penalty given by statute, *debt* is the appropriate action ; if the mode is prescribed, it must be followed.

NEW-YORK,   2 *Bac. Abr.* 280.  1 *Chitty's Pl.* 101, 105.  7 *Wendell,* 280.
May, 1836.   Here two remedies are expressly given by statute to recover
Smith        the penalty, 2 *R. S.* 480, §1 ; and in page 482, §10 and 11,
v.           the forms of the declarations are prescribed. The action may
Merwin.      be *debt* or *assumpsit.* It should be remembered that these rem-
edies are arbitrary, and are given, together with the pleadings,
without much regard to their fitness to the particular cause of
action, according to the rules of practice or science of special
pleading : for instance, the action of *debt,* when appropriately
used, is founded upon contract, and to sustain *assumpsit,*there
must be a promise express or implied. It would be difficult to
maintain that the liability to pay a penalty in these cases
arose out of any contract on the part of the delinquent.   The
action and pleadings being thus arbitrary, it is no great inno-
vation upon general principles by the legislature, to enact that
a count in *case,* and a count in *debt* or *assumpsit* to recover
the penalty, may be joined in the same declaration.  This I
think is the reasonable construction of the different provisions.
It is true the general issue will be different to the different
counts ; but that is mere form, there can be no difficulty in
making up the record.   The second count is a good count
*in debt,* within the 10th section ; and even if we had not ar-
rived at the conclusion that there is no misjoinder, the de-
fendant on a demurrer to that count alone could not have
availed himself of it ; he should have demurred to the whole
declaration.  1 *Chitty's Pleadings,* 444, 206.  2 *Bos. &*
*Pul.* 423.   The formal conclusion of the second count in
this case was improper under the 10th section, but the ob-
jection cannot be taken advantage of under a general de-
murrer.   We do not mean to say but that under the 43d
section a count might be so framed as to conclude not only
for the special damages, but also for the penalty.

Judgment for plaintiff.