Fritz v. Fritz.

———————————•———————————

# FRITZ v. FRITZ.

PRACTICE—MISJOINDER.—A plaintiff may unite in one complaint two or more causes of action, unless such union amounts to a misjoinder, in which case a demurrer for that cause is the proper mode of raising the objection. Page 390.

DIVORCE—PETITION.—It is not necessary that a petition for divorce by a wife should contain the averment that for two years previous to the filing thereof she had maintained a good reputation for chastity and virtue. Sec. 16, 2 G. & H. 352, prescribes a rule of evidence, not of pleading. Page 390.

EVIDENCE—DEED FROM HUSBAND TO WIFE.—A deed from the husband directly to the wife, was admitted in evidence, over the objection of the defendant, that it was void.

*Held*, that although the deed was void in law, yet it was competent for a court of equity to inquire into the circumstances under which it was executed for the purpose of giving it validity, and for this purpose it was proper to give it in evidence. Page 391.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.—*Druzilla Fritz* filed her petition in the Common Pleas Court against her husband, *John Fritz*, for divorce.

It is alleged, among other things in the petition, that in consequence of the cruel treatment of the wife by the husband she was compelled to separate. from him; that she and her husband, in the month of *March*, 1864, agreed to separate; that, on said separation, the husband agreed to let her have two town lots and a house in *Lebanon*, *Warren* county, *Indiana*, (describing them,) for a home for her and her child, the fruit of the marriage, if she would pay him the sum of $350, which she had received of her father's estate; that said *John* went before a justice of the peace, and made a deed for said lots to her, agreeing to put her in the possession; that she, considering the matter as all being right and legal, paid over to him the money; that in a short time afterward she, having taken legal counsel, was advised to have her husband make her another deed, and appoint a *trustee* in the same to take the conveyance for her use; that she called on her husband to make said deed and take up the other deed, which he wholly refused to do, and holds the lots in his possession, together with the money so paid to him by the wife.

The following appears in the transcript of the record: " Comes the defendant, by *McCabe*, his attorney, and the defendant moves the court to strike out the allegations or causes of action contained in the plaintiff's complaint, for the reason, as alleged by the defendant, that the same contained more than one cause of action in *covent* of the complaint; which motion, after argument of counsel, the court overrule, and defendant excepts." And this is assigned for error, and insisted upon, in argument, as a ground for the reversal of the judgment of the court below.. The overruling of this motion presents no question of which we can take cognizance. We do not comprehend the full meaning of the motion, but it is sufficiently intelligible to justify us in saying that it was

rightly overruled. We know of no rule of law that forbids a plaintiff from uniting in one complaint two or more causes of action, unless such union amounts to a misjoinder, in which case a demurrer for that cause is the proper mode of raising the objection, (2 G. & H., p. 80, clause *sixth*, sec. 50,) and then we can not review the action of the court below. *Id.* 81, sec. 52.

The appellant demurred to the complaint, which was overruled. It is urged that the petition was defective in not averring that the plaintiff had for two years previous to the filing thereof, maintained a good reputation for chastity and virtue. There is nothing in this objection.

The act regulating the granting of divorces, provides that "it shall be deemed sufficient evidence of good character if such petitioner shall satisfy the court or jury trying the same that she had, for two years previous to the filing of such petition, maintained a good reputation for chastity and virtue." 2 G. & H. 352, sec. 16.

This is a rule of evidence and not of pleading. It simply provides what shall be deemed evidence of "good character," where that question becomes material.

The appellee introduced in evidence, over the objection of defendant, on the trial below the deed mentioned in the petition, which was an ordinary deed in fee from the appellant to his wife for the lots therein described, dated and acknowledged on the 19th day of *April*, 1864; the consideration named therein being the $350 paid to the husband by the wife out of her separate property. It is claimed that this is error. It is insisted that the deed was void, and ought not to have been given in evidence for any purpose. We think otherwise. It was proper for the purpose of showing the conduct of the husband toward his wife.

In the case of *Wallingsford* v. *Allen*, 10 Peter's Rep. (S. C. U. S.) 583, it was *held* that agreements between husband and wife, during coverture, for the transfer from him of

property directly to the latter, are undoubtedly void at law. Equity examines with great caution before it will confirm them. But it does sustain them when a clear and satisfactory case is made out, that the property is to be applied to the separate use of the wife; where the consideration of the transfer is a separate interest of the wife, yielded up by her for the husband's benefit, or of their family, or which has been appropriated by him to his uses; where the husband is in a situation to make a gift of property to the wife, and distinctly separates it from the mass of his property for her use. Either case equity will sustain, though no trustee has been interposed to hold for the wife's use.

And in the case of *Shepard* v. *Shepard*, 7 Johnson's Ch. Rep. 57, it was *held*, that though a. deed from the husband directly to his wife is void in law, yet where the conveyance of the husband is for the purpose of making a suitable provision for the wife, as giving her a deed of certain lands, parcel of his estate, during her widowhood, equity will lend its aid to enforce the provision, especially where the rights of creditors do not interfere, and where the wife had, by an antenuptial contract, released all right of dower to arise under the marriage, on the express engagement of the husband, that she should be endowed of all lands acquired by them during their cohabitation.

In the light of these authorities, we think that although the deed from *John Fritz* to *his wife* was void in law, yet it was competent for a court of equity to inquire into the circumstances under which it was executed, for the purpose of giving it validity; and for this purpose it was proper to give the deed in evidence. All distinction between law and equity is abolished. (2 G. & H. p. 33 sec. 1).

The evidence is in the record; it is contended that it does not sustain the finding. Regarding the well-recognized rule on the subject, we have looked through the testimony, and think that there was evidence sufficient to

prove every material fact necessary to sustain the finding of the court below.

The judgment is affirmed, with costs.

*J. McCabe*, for appellant.

*B. F. Gregory* and *Jesse Harper*, for appellee.