FREDERICK E. FERNALD *versus* THOMAS GARVIN, *App'l'nt.*

A defendant can take advantage of a misjoinder of counts only by demurring to the whole declaration.

He cannot plead to one count and demur to another.

The defect of misjoinder of counts may be cured by motion to amend.

Where an action of *indebitatus assumpsit* upon an account annexed came to this Court by an appeal from the judgment of a trial justice, and the cause proceeded to the jury with instructions precluding the possibility of error arising from the omission to annex the particular items of the account, this Court declined, after verdict, to interfere to prevent a judgment on the verdict against the defendant.

ON EXCEPTIONS.

The writ contained a count upon an account annexed for $20, without any account; a count for same sum for money had and received; and a count in case, under R. S., c. 22, § 4, for double the value of a line fence built by the plaintiff, and the fees of the fence viewers, and it was returnable before a trial justice for this county.  At the trial before the justice, the plaintiff recovered judgment, and the defendant appealed.

After the action had been more than one term in this Court, the defendant moved its dismissal, because the writ contained two counts of *indebitatus assumpsit*, with a special one on the case, which motion was overruled.

After the evidence was all in, the defendant contended that the plaintiff, from all the evidence in the case, could not recover in this action.  Not on the special count in plaintiff's writ, because the doings of the fence viewers, in dividing the fence between the parties' lands and adjudicating the value thereof after it had been built by plaintiff, was not in conformity to law, and that there was no legal division or assigment of fence between the land of plaintiff and defendant, and that the evidence did not show that there had been any demand made by plaintiff of defendant to pay for building said fence, pursuant to the statute in such case

made and provided, in order to bind the defendant to pay for the same.

The defendant also contended that the plaintiff could not recover under the first count, because there was no account annexed to said writ. No objection was, however, made for want of account annexed, until after the testimony was all in. Neither could the action be sustained under either of said counts, there being no promise, either express or implied, which was binding in law on the part of the defendant.

The presiding Judge instructed the jury that the proceedings of the fence viewers were so defective that the plaintiff could not recover on the special count in the writ, and that they would leave that entirely out of the case, with the evidence relating thereto. But as to the first and second counts in the writ, he instructed them that, to enable the plaintiff to recover, he must satisfy them by the testimony that there was, on the part of the defendant, a promise to pay, either express or implied; that if in building the fence the plaintiff rendered services or paid money, which, by an agreement between the parties, belonged to the defendant to perform or pay, and which were valuable to him; and if this were done with the knowledge and consent of the defendant, the law would imply a promise on his part to pay what such services were reasonably worth; but that if done without his knowledge that the services were being rendered for him, or if against his objection, no promise to pay would be implied; that if such services were rendered and money paid, and the defendant afterwards promised to pay the plaintiff for the same, this would be an express promise.

The jury returned a verdict for $16,72 in favor of the plaintiff, and the defendant alleged exceptions.

The defendant also moved that the verdict be set aside as being against the weight of evidence and also against law.

*Kimball*, for the defendant.

The action should have been dismissed. Gould's Plead.,

c. 4, § 97, and c. 8, § 31. The judgment would be reversed upon error. *Fairfield* v. *Burt*, 11 Pick., 245 ; 5 U. S. Dig., (Supplement,) 535 ; *Boston* v. *Otis*, 20 Pick., 41. Assumpsit not maintainable. *Sanford* v. *Haskell*, 50 Maine, 86 ; *Peabody* v. *Hoyt*, 10 Mass., 36. Counsel elaborately argued the motion to set aside the verdict as being against the evidence.

*Drew & Hamilton*, for the plaintiff.

APPLETON, C. J. — The writ in this case was returnable before a trial justice of York county. It contained two counts in assumpsit and one in case, under R. S., 1857, c. 22, § 4, for double the value of building the fence and the fees of the fence viewers, as ascertained in accordance with the provisions of the Act. At the return day, the defendant pleaded the general issue to the first two counts, and to the last filed what was apparently intended for a demurrer. A trial was had and judgment was rendered in favor of the plaintiff from which an appeal was taken.

After the action had been more than one term in this Court, the defendant moved its dismissal, because the writ contained two counts of *indebitatus assumpsit* with a special one in case. The motion was overruled, the cause proceeded to trial, and a verdict was rendered in favor of the plaintiff.

The objection mainly relied upon is that there is a misjoinder of counts. Assuming such to be the case, how is advantage to be taken of such misjoinder? "The consequences of a misjoinder are more important than the circumstances of a particular count being defective ; for, in the case of a misjoinder, however perfect the counts may respectively be in themselves, the declaration will be bad on demurrer or in arrest of judgment, or upon error. * * A demurrer for misjoinder must be to the whole declaration, and not merely to the defective count or breach." 1 Chitty on Pleading, 205. When there is a misjoinder of counts,

the defendant can avail himself of the objection only by demurring to the whole declaration. The defendant cannot plead to one count and demur to the other. *Smith* v. *Merwin*, 15 Wend., 184.

The defendant, neither by his pleading below nor by his motion in this Court, has properly taken advantage of the alleged defect.

The defendant cannot move in arrest of judgment, because, by R. S., 1857, c. 82, § 26, "no motion in arrest of judgment in a civil action can be entertained."

At common law, in *Knightly* v. *Birch*, 2 M. & S., 533, it was held, if there be a misjoinder of counts, and a verdict for the plaintiff on the counts well joined, and for the defendant in the others, the misjoinder is not a cause for arresting judgment. The counsel moving in arrest of judgment referred the Court to *Bage* v. *Brownel*, 3 Lev., 99, but the Court discharged the rule, Lord ELLENBOROUGH saying, "the case referred to had had its day, and that it was time it should cease."

The case is not before us upon error. It is not necessary, therefore, to consider what construction should be given to R. S., 1857, c. 82, § 25, which prohibits a reversal of judgment by writ of error, for a misjoinder of counts, in certain cases.

The defect of misjoinder might have been cured by motion to amend. 1 Chitty on Pleading, 205. *Prescott* v. *Tufts*, 4 Mass., 146. Although assumpsit and tort cannot be joined, yet the Court will permit the plaintiff to elect in which count he will proceed, and strike out the other. *Noble* v. *Laley*, 50 Penn., 281; *Pennsylvania Railroad Co.* v. *Zug*, 47 Penn., 480. The verdict in the case at bar was rendered on the counts in assumpsit. It cannot harm the defendant to allow the count in case, if misjoined, to be stricken out and judgment to be rendered on the others. If a new trial were to be granted, the count in case might, by leave of Court, be stricken out. It may equally well be allowed now, without granting a new trial.

The defendant, as before remarked, filed his motion in this Court to dismiss the suit. But, if advantage could be taken of a misjoinder by plea in abatement, or by a motion in the nature of such plea, the motion comes too late.

In *Chamberlain* v. *Lake*, 36 Maine, 388, SHEPLEY, C. J., says, " when a defect is apparent of record, advantage may be taken of it by motion, and a decision upon that motion will present a question of law arising upon the sufficiency or insufficiency of the record." But this remark applies specially to defects to be taken advantage of by way of abatement of the suit and not by demurrer. The same is true of the remarks of RICE, J., in *Greeley* v. *Currier*, 39 Maine, 517. The objection in a case of misjoinder should have been taken by demurrer. *Fritz* v. *Fritz*, 23 Ind., 388.

The magistrate had jurisdiction, inasmuch as " the debt or damages demanded do not exceed twenty dollars." R. S., 1857, c. 83, § 1.

It seems there was no account annexed to the writ. The case proceeded to trial without objection for this cause until all the testimony was out. The defendant did not move for a bill of particulars, as he might have done. It is manifest, from the report of the case, that the plaintiff claimed in assumpsit for the expense of building the fence in controversy and for moneys paid the fence viewers. Both the parties understood what was in dispute. The omission might have been cured on motion by either party. The cause proceeded to the jury, and with instructions which precluded the possibility of error arising from the omission to annex the particular items in litigation. No injury is shown to have arisen to either party.

The verdict was on the counts in assumpsit and upon an express or implied promise arising from the circumstances of the case, and not upon the count based upon R. S., c. 22, § 4. The instructions, as applicable to the first and second counts, are free from objection.

Whether the recognizance is sufficient or not, the defendant takes no exception thereto.

The English Courts, when the verdict is under £20, refuse to grant a new trial, though the verdict is against evidence, unless there has been a misdirection on the part of the presiding Justice, or misconduct on that of the jury. *Bevan* v. *Jones*, 2 Young & Jervis, 264; *Grimm* v. *Fischer*, 25 Upper Canada Rep., 383. No sufficient reason is perceived in this case to justify our interference.

*Motion and exceptions overruled.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.