## Frank and Another *v.* Kessler and Wife.

CONVEYANCE FROM HUSBAND TO WIFE.—*Evidence.*—A deed of conveyance of real estate from husband to wife, though void in law, may be upheld by a court of equity, whose duty it is, in such case, to inquire into the circumstances under which it was executed; in which inquiry the circumstances of the husband at the time of the conveyance constitute an important element, and evidence of his indebtedness at that time is admissible.

PRACTICE.—*Joinder of Causes of Action.*—A claim to set aside a conveyance of real estate from husband to wife for fraud against creditors, may be joined with a claim against the husband arising out of contract.

SAME.—*New Trial.*—That the finding is too small, in an action upon a contract, is embraced in the fifth statutory cause for a new trial, and must be assigned in the motion therefor, in order to present the question on appeal to this court.

APPEAL from the Putnam Circuit Court.

GREGORY, J.—The appellants sued the appellees, husband and wife, in the court below, to recover a sum due from the husband to them, for goods sold and delivered, and to set aside a conveyance of real estate from the husband to the wife, on the ground that it was fraudulent and void as to creditors. Trial by the court; finding for the plaintiffs for one hundred and thirty-eight dollars as against Henry Kessler. The court further found that the conveyance of Henry Kessler to his wife Catharine, for the land mentioned in the complaint, was not fraudulent or void.

The plaintiffs moved for a new trial on the grounds: 1. That the finding was contrary to the evidence. 2. That the finding was contrary to the law and evidence. 3. That the finding is not supported by the evidence. 4. That the court erred in refusing evidence of indebtedness and insolvency of Henry Kessler, a bill of exceptions of which was filed and made a part of the record. The motion was overruled. The plaintiffs took their bill of exceptions, setting out the evidence and the offer to prove the indebtedness of the husband at the time he made the conveyance to the wife.

. It is claimed by the appellants that the finding against Henry Kessler was too small. By the code, this is made the fifth cause for a new trial, and was not embraced in the plaintiffs' motion therefor. 2 G. & H., p. 212, sec. 352, cl. 5.

The deed from the husband to the wife was void in law, but would be upheld by a court of equity, under certain circumstances. *Fritz* v. *Fritz,* 23 Ind. 388; *Shepard* v. *Shepard,* 7 Johns. Ch. 57.

It was the duty of the court below to inquire into the circumstances under which the deed was executed. An important element in this inquiry was the circumstances of the husband at the time of the conveyance. Although at law this conveyance was not in the way of the plaintiffs in making their money on execution, still it was a cloud that they had the right to remove, and is within the provision of the code, that "the plaintiff may join such other matters in his complaint as may be necessary for a complete remedy, and a speedy satisfaction of his judgment." 2 G. & H., p. 99, sec. 72.

The judgment is reversed, as to Catharine Kessler, with costs, and the cause remanded, with directions to grant a new trial, as to Catharine Kessler, and for further proceedings. The judgment, as to Henry Kessler, is affirmed, with costs.

*F. T. Brown,* for appellants.

*J. J. Smiley* and *W. Neff,* for appellees.