## THOMPSON *v*. MILLS ET AL.

DEED.—*Husband and Wife.*—*Purchase-Money.*—A deed executed by a husband directly to his wife, in good faith, and in consideration of money of the separate estate of the wife, used by the husband in the purchase of the land conveyed by him to his wife, is valid, and was so held in an action for partition by the children of such a wife, deceased, as her heirs at law, against the husband.

JURISDICTION.—*Title to Real Estate.*—*Court of Common Pleas.*—In an action for partition between heirs, where the title to land as derived by a deed executed

by a husband directly to his wife is in issue, the court of common pleas has jurisdiction to try and determine such issue as incident to the action.

WITNESS.—*Heirs.*—In an action for partition, where the petitioners claimed title to land by descent, as heirs of their mother, who, in her lifetime, was the grantee of a deed for said land, executed directly to her by her husband, and said husband, as defendant, in answer to the petition for partition, specially denied any title in the petitioners as derived from said deed;

*Held,* that the action was both by and against heirs, and founded on the deed, within the meaning of the statute (3 Ind. Stat. 560, sec. 2) declaring parties incompetent as witnesses "in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any way."

OPEN AND CLOSE.—The defendant having specially denied the title of the plaintiffs and their right to partition although he admitted the execution of the deed *Held,* that the plaintiffs were entitled to open and close.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—This was a petition for the partition of certain real estate by the appellees against the appellant. Issue was joined, there was a trial by the court, and a finding for the petitioners, motion for a new trial by the defendant disallowed, and final judgment for partition. The defendant appeals and has assigned two errors; first, that the court erred in overruling his demurrer to the complaint; and, second, in refusing to grant him a new trial. It is alleged in the petition, that on the 25th day of June, 1867, the said Larkin Thompson, who was then the husband of Sarah Thompson, since deceased, conveyed to said Sarah Thompson, by deed, in fee simple, the real estate in question; that the consideration for said conveyance was the sum of eight hundred dollars, received by said Larkin from said Sarah, which sum was her own separate interest, and was received by her from the estate of her deceased father, and a portion of which sum the said Larkin used in the purchase of said tract of land; a copy of the deed being made part of the complaint and filed with it; that the deed was executed by the said Larkin and received by the said Sarah in good faith and for the consideration therein expressed; that on the 5th day of June, 1868, the said Sarah Thompson died, intestate, seized

of said land by virtue of said deed of conveyance, and leaving surviving her, as her sole heirs at law, the said plaintiffs, William B. Mills, George L. Mills, and Annie Bowman, late Mills, intermarried with Samuel Bowman, her children by a former marriage, and also Larkin Thompson, her husband, she having had no children as the fruit of her marriage with the said Larkin; that each of said children is the owner of one-third of two-thirds, and said Larkin is the owner of the other one-third of said land, which they hold as tenants in common. Prayer for partition, or if the land cannot be divided, that it may be sold, etc. The deed, a copy of which is filed with the complaint, commences as follows: "By this deed, I, Larkin Thompson, of," etc., "convey and warrant to Sarah Thompson, of," etc., "in consideration of the sum of eight hundred dollars received by me of her money, which she received from her father in 1857, which I applied and used in the purchase of the land or lot hereinafter described, the following real estate," etc.

The defendant demurred to the petition on two grounds; first, that it did not state facts sufficient to constitute a cause of action; and, second, that the court had no jurisdiction of the subject of the action. The demurrer was overruled by the court, and the defendant excepted.

He then answered admitting the execution of the deed mentioned in the complaint, but alleging that the deed was wholly void and of no effect; that the plaintiffs have no right or ownership in said land, and have no right to partition thereof on account of the following facts: that at the time, and long before the execution of said deed, said Sarah was the wife of this defendant. He denies that he received for his own separate use any sum of money of or from her by virtue of his marriage with her, or that he used any money belonging to or obtained from her in the purchase of said land; that she was a widow with three children in limited circumstances at the time of the marriage; that he was then in far better circumstances than she; that in consequence of her feeble health, and members of the family, his property

Thompson *v.* Mills *et al.*

was largely expended in caring for their family; that whatever money was received by her from her father's estate or from any other source during their coverture was used by them jointly for common benefit, without agreement, express or implied, between them that he was to account for the same to her; and that it was not used in the purchase of said real estate; that all the money of her separate estate that he ever received did not amount to more than six hundred dollars, and that it was all expended for the family, as above stated, with her full knowledge and consent, long before the purchase of said land; that about the time of the purchase of said lot, this defendant began to be oppressed with debts and the expenses of his family on account of sickness, and was thereby likely to be broken up; that these facts came to the knowledge of his wife and very greatly troubled her, and made her afraid that she would be turned out-of house and home; that she began to importune him to convey said land to her, the same being all the property he then had left; that to quiet her and keep her at peace, and to rid himself of her importunity, he caused the deed to be made, paying no attention to its terms or statements or the consideration thereof, hoping thereby to render her contented, and for the sole purpose of quieting her fears and apprehensions, and thereby relieve her while in bad health, and without any other consideration whatever, and that there was no other consideration whatever for said deed; that said land was all the property owned at the time by the defendant, except personal property of the probable value of two hundred dollars, and which was not more than sufficient, if it was sufficient, to pay his debts; that he paid for said land wholly with his own means and labor, and it is his in law and equity. Wherefore he prays judgment of the court that said deed may be held and adjudged void and of no validity; that said plaintiffs have no right to said land and are not entitled to partition thereof, etc. Issue was taken on this answer by a general denial thereof.

Taking up the questions as they are presented by counsel,

the first relates to the sufficiency of the complaint. It is objected, first, that the complaint does not state facts sufficient to constitute a cause of action. It is assumed that the deed from the appellant to his wife for the real estate in question is void, because it was made by a husband directly to his wife, and that, to render it valid, the complaint must state affirmatively such a state of facts as will warrant a court of equity in establishing and giving validity to it as a conveyance. Counsel for the appellees answers this position by saying that it is shown that a full and valuable consideration was paid for the land, and that this alone, without any further allegation, is sufficient to warrant the court in holding that the deed is valid in equity. The complaint and the deed, a copy of which is filed with it, fully show the existence of a valuable and sufficient consideration for the conveyance of the land, and it is alleged that the deed was made by Larkin Thompson, and received by said Sarah Thompson, in good faith. We must, for the purpose of deciding upon the sufficiency of the complaint, regard these matters as true. The distinction, made and discussed in this and other cases between the deed from husband to wife, when considered by a court of law and when considered by a court of equity, is more imaginary than real, so far, at least, as concerns the courts of this State. Why the same instrument should be regarded by one court as nothing and by the other as valid and effective as a conveyance of the title, is not easily seen; and yet such was the law. *Doe* v. *Hurd*, 7 Blackf. 510; *Fletcher* v. *Mansur*, 5 Ind. 267; *Fritz* v. *Fritz*, 23 Ind. 388. In this State, the distinction between actions at law and suits in equity, and the forms of all such actions which existed in this State prior to 1852, are abolished; there is but one form of action for the enforcement or protection of private rights and the redress of private wrongs, and every right, and every transaction, must be at once regarded by the court in its equitable, as well as in its legal, character and operation. Why then shall we longer speak of the same instrument as being void at law, but valid

Thompson *v.* Mills *et al.*

in equity? As the fact is recognized that the husband may, by deed, made directly to his wife, convey real estate to her, and the conveyance will be upheld, why not apply to such conveyances the same rules which are applied to conveyances between other parties, that is, hold them valid until some legal reason has been shown for setting them aside? In the case under consideration, as there appears to have been a valuable and sufficient consideration, why go into an inquiry, in the first instance, to determine whether the husband intended to defraud his creditors, since they are making no complaint? Why examine into the pecuniary condition of the husband and the wife to ascertain whether he retained a sufficiency of means for his living, or whether this provision was necessary or proper for her support? Are they not competent to decide these questions? As between other parties, the court would take upon itself no such duties. Without going into an examination, or a re-examination, of the authorities on this subject, we refer to the case of *Sims* v. *Rickets*, 35 Ind. 181, and, upon the authority of that case and the cases there cited, hold that, upon the facts shown by the complaint, the deed in this case was valid, and the demurrer, so far as this point is concerned, properly overruled.

The next question is, had the common pleas jurisdiction of the subject-matter of the action? It is conceded by counsel for the appellant that the common pleas may try and determine the title to real estate when it comes in question incidentally in a suit in that court for partition of real estate. But it is claimed that in this case it is apparent that the primary and main object of the action is to try such title. We can not sustain this position. We are unable to see why the title to the real estate was any more directly involved in this than it is in other actions for partition. This question is hardly an open one in this court. *Wolcott* v. *Wigton*, 7 Ind. 44; *Fleming* v. *Potter*, 14 Ind. 486. There was no error in overruling the demurrer to the complaint.

The next question relates to the right to open and close. The defendant claimed it. The court awarded it to the plaintiffs. We are of the opinion that the answer, although special, so far controverted the right of the plaintiffs to the land, and to have it partitioned, that it was not error to allow them the open and close. Although the execution of the deed was admitted, yet the ownership of the land and right of partition were denied. Without some evidence on the part of the plaintiffs, there could have been no judgment for them.

The next question grows out of the ruling of the court in refusing to allow Larkin Thompson to testify as a witness in his own favor on the trial of the cause. The part of the statute on which the question turns is as follows: "And provided further, that in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause." 3 Ind. Stat. 560, sec. 2.

We think the case comes within the spirit of this proviso, and that the appellant was properly excluded. The parties to the suit stood in the relation of heirs to Mrs. Thompson. The controversy related to the deed executed to her, and the suit was founded on it, within the spirit and meaning of the act. The suit was both by and against heirs, and the object of the action was to reach or affect the land which descended from the decedent. She being dead, the object of the act was to prevent the other party to the contract, or conveyance, from testifying concerning it. On this point, see *Malady* v. *McEnary*, 30 Ind. 273, and *Peacock* v. *Albin, ante,* p. 25.

The only other point relied upon is, that the evidence is insufficient to sustain the finding of the court. On the contrary, we think the evidence entirely satisfactory. The ex-

press acknowledgment in the deed, and the other evidence, fully sustained the case, as made in the complaint.

The judgment is affirmed, with costs.*

*J. M. Butler*, for appellant.

*T. Patterson*, for appellees.

*Petition for a rehearing overruled.