*J. H. Baker* and *J. A. S. Mitchell,* for appellant.

———————•———————

## BROOKBANK ET UX. *v.* KENNARD ET AL.

HUSBAND AND WIFE.—*Alienation of Real Estate.—Fraudulent Conveyance.*— A conveyance of real estate may be made by a husband to his wife without the intervention of trustees, and such conveyance will be upheld unless the rights of creditors are injuriously affected thereby.

SAME.—A husband may convey to his wife a reasonable amount of property, leaving ample in his hands for the payment of his debts, and such conveyance will be valid, at least as against future creditors.

SAME.—*Recording Deed.*—That a conveyance, executed by a husband directly to his wife, has not been recorded for a year, and until after the contraction of debts by the husband, cannot, of itself, render it void.

PLEADING.—The statement, in a pleading, of the amount of an indebtedness as "a large sum of money" is too vague and indefinite.

APPEAL from the Carroll Circuit Court.

WORDEN, J.—The appellees, who were judgment creditors of John Brookbank, filed their complaint against him and his wife to set aside a conveyance made by Brookbank to his wife of certain real estate described, and to subject the property to the payment of the plaintiffs' judgments.   On the failure of Brookbank and wife to answer, judgment was rendered against them as prayed for.

Error is assigned that the complaint does not state facts sufficient to constitute a cause of action.

The allegations of the complaint, in respect to the property in question, are as follows:

"That on the 26th day of December, 1839, the said defendant became owner, by deed in fee simple, of the following described premises, to wit" (here the property is described, being a part of a town lot); "and that on the 9th day of October, 1865, the said defendant John Brookbank executed a warranty deed for said property, without any valuable consideration, to Louisa Brookbank, wife of said defendant, which said deed was not placed on record for more than one year thereafter, to wit, on the 26th of November, 1866; that on said 9th day of October the said defendant was owing a large sum of money, which still remains due and unpaid; and that the said indebtedness of the said defendant to said plaintiffs, upon which said judgments were rendered as aforesaid, accrued previous to the said 26th day of November, 1866, when said conveyance was recorded as aforesaid."

A conveyance of real estate may be made directly by a husband to his wife without the intervention of trustees, and such conveyance will be upheld unless the rights of creditors are injuriously affected thereby. *Sims* v. *Rickets*, 35 Ind. 181; *Thompson* v. *Mills*, 39 Ind. 528.

In this case, no fraud is imputed to the appellants by direct averment, nor do we think any can be inferred from the facts stated. It is averred that at the time of the conveyance by Brookbank to his wife, he "was owing a large sum of money, which still remains due and unpaid." The amount of his indebtedness, expressed by the phrase "a large sum," is too vague and indefinite to have much force in a judicial proceeding. The indebtedness may have been one dollar or a hundred thousand.

Then it does not appear but that, at the time of the conveyance by Brookbank to his wife, he had an abundance of other property to pay all of his debts. There is no aver-

ment whatever on this subject. We take it to be clear that a husband may convey to his wife a reasonable amount of his property, leaving ample in his hands for the payment of his debts, and that such conveyance will be valid at least as against future creditors. Tyler Infancy & Coverture, sections 357 to 361, inclusive.

The plaintiffs' debts were not contracted until after the conveyance from Brookbank to his wife, and for aught that appears, the conveyance was valid as to them, unless the fact that it was left unrecorded until after their debts were contracted makes it fraudulent as to them. It is not alleged in the complaint that the plaintiffs' debts were contracted without notice of the conveyance, and on the faith that Brookbank was still the owner of the property, even if such circumstances would render the conveyance fraudulent as to them. We are of opinion that the simple fact that the conveyance was not recorded until after the contraction of the debts, cannot alone have the effect of rendering it void as to the plaintiffs.

The allegations of the complaint are not sufficient to entitle the plaintiffs to have the conveyance set aside.

The judgment below is reversed, with costs, and the cause remanded.

*J. H. Gould* and *B. B. Daily*, for appellants.

*J. Applegate*, for appellees.