Blackfobd, J.
At the April term of the Circuit Court, 1836, the prosecuting attorney filed a list of lands and town lots, containing lots numbered forty and forty-one, in Brook-mile, on which it is alleged that taxes for the year 1832 had not been paid, and moved that the title to the lots should be vested in the State. It was proved, in support of the motion, that the list thus filed was a correct list of the lands and town lots situate m Franklin county, and returned to the school commissioner by the collector for 1832, on which the taxes for that year had not been paid, and which had not been subsequently redeemed. It was proved, also, that the list and notice of the motion had been 'published in conformity with the law. The motion was sustained.
An affidavit has since been made, on behalf of the plaintiff in error, that the lots in question belonged to him.
This judgment must be reversed. The statute of 1835, under which this proceeding was instituted, contains no *provision affecting the general rule respecting the proof of tax titles. That rule is, that the claimant under such title must prove that all the requisites of the law have been complied with.
In the present case, none of the proceedings, required by law to take place previously to the collector’s return, were proved; and for that defect in the proof, the motion of the prosecuting attorney should have been overruled. Unless the steps, which the law required to be taken as well before as after the collector’s return, had been regularly pursued, the Circuit Court had *40 no jurisdiction, under the statute, to divest the plaintiff in error of his property and vest it in the State; and in order that an appellate Court may know whether the jurisdiction existed, the evidence of the facts by virtue of which it was claimed, should be spread on the record. This is a strict construction of the law, but we think it is fully authorized by the nature and consequences of the proceeding. (1)
G. Holland, for the plaintiff.
H. O’Neal, for the State.
Per Curiam.—The judgment is reversed. Cause remanded, &c.

 Several decisions similar to that in the text were made in other eases daring the term. The statute of 1835, under which these proceedings took place, is now repealed. Acts of 1839, p. 38.