BARNES *v.* DOE on the demise of PELTON.

A tract of land was listed twice for taxes of the year 1827—once as first-class and once as second-class land.   The clerk, in transcribing from the assessment-roll, carried out the tract as first-class land.   The law of 1825, and the act of which it is amendatory, made it the duty of the clerk to carry out the assessment into the duplicate; but there was no provision in a case where the land was thus listed twice, which listing should be carried out.   The land was afterwards sold for the non-payment of the taxes of 1827.   *Held*, that the sale could not be supported. The law in relation to the sale of land for the non-payment of taxes is construed strictly.

ERROR to the *Vigo* Circuit Court.

STUART, J.—Ejectment by the heirs of *Reemer*, deceased, for a tract of land claimed adversely under a tax-title. The cause was submitted to the Court for trial. Finding and judgment for the lessors of the plaintiff.

It is admitted that in *January*, 1827, *Aaron Reemer*, the ancestor, held the legal title, and that at the commencement of this suit the lessors of the plaintiff held the legal title, unless the title of the defendant below, *Barnes*, be superior.

The origin of *Barnes's* claim is by tax-title under the law of 1825, for taxes assessed in 1827. It appears that the land in controversy was listed twice for that year, once as land of the first class, and again as land of the second class. The clerk, *Curtis Gilbert*, in transcribing from the assessment-roll to the duplicate, carried out the tract in question as first-class land. *Gilbert* himself became the purchaser at the tax-sale, through whom remotely the defendant, *Barnes*, derives title. The law of 1825, and that to which it was amendatory, made it the duty of the clerk to carry out the assessment into the duplicate, &c. But there is no provision authorizing him to select, in a case like the present, where the land was listed twice, which should be carried out.

This raises the only question in the case. In *Williams* v. *The State*, this Court, speaking of the rule of construction applicable to such cases, says, that a strict construction of the law is fully authorized by the nature and consequences of the proceedings. 6 Blackf. 36. Adhering to that rule, the act of the clerk was without authority; and the tax-sale flowing from it cannot be supported.

*Per Curiam.*—The judgment is affirmed with costs.

*S. B. Gookins*, for the plaintiff.

*W. D. Griswold* and *J. P. Usher*, for the defendant.