*Bachelor & Huckleberry* and *H. W. Harrington*, for appellant.

*C. E. Walker*, for appellee.

---

## Dix *v.* Akers and Others.

PRACTICE.—*Instructions to Jury.*—*Record.*—Where instructions are in writing signed by the judge, they become a part of the record, and exceptions may be entered in writing upon the margin, "given and accepted to," or "refused and excepted to," signed by counsel; but where they are not signed by the judge, they can only be made a part of the record by bill of exceptions.

SAME.—*Motion for New Trial.*—*Amount of Recovery.*—If, in an action on a promise to pay, the motion for a new trial does not specify the fifth statutory cause, no question as to the amount of the verdict is presented.

TRUSTS AND TRUSTEES.—*Lost Writing.*—*Evidence.*—At a regularly organized public meeting of the citizens of a township, called and held to raise money, volunteers, and substitutes, for the purpose of relieving the township of an impending draft for soldiers, various citizens agreed, each for himself, to pay divers sums for such purpose, and among them A., who was subject to the draft, promised to pay a certain sum on condition the township should be so relieved; if not, the money to be refunded. By the aid of the money so raised and promises so made, or by such money, promises, and otherwise, the township was relieved. Certain citizens were appointed by the meeting, to collect and receipt for the money so paid and promised, and to apply the same so as to effect the release of the township; and they collected the several amounts and so applied them, to the sat-

isfaction of the promisors, including A, except the sum promised by A., who refused to pay on their demand.

*Held*, that the persons so appointed were trustees of an express trust, and entitled to sue on the promise of A.

*Held*, also, that the minutes of the meeting being lost, it was proper to introduce parol evidence of their contents; and the memorandum kept by the clerk of the meeting, of the names and the amounts pledged, was only a part of the minutes.

APPEAL from the Putnam Common Pleas.

GREGORY, J.—Suit by the appellees against the appellant. The complaint is in two paragraphs. The first avers that on, &c., the President of the United States ordered a draft for soldiers, that there was due under the order, from Cloverdale township —— men; that while the draft was pending the citizens and residents of the township, including the defendant, who was at the time subject to the draft, called and held divers public meetings, for the purpose of raising moneys, volunteers, and substitutes, in order thereby to relieve the township from the draft; that at the meetings, which were regularly organized, and their transactions public and well understood, divers citizens and residents of the township, each for himself, agreed and promised to pay divers sums of money to relieve the township of the draft, and to employ men and soldiers to serve as volunteers and substitutes for the purpose aforesaid; that defendant Dix at the public meetings agreed and promised to pay for the purpose aforesaid, the sum of three hundred and fifty dollars, upon condition that the township was relieved from and of the impending draft, and that if the township should not be so relieved, then the money was to be refunded; that the township was relieved of the draft in pursuance of, and by the aid of, the money and promises so made and raised at said public meetings and otherwise; that the plaintiffs were duly selected and appointed by said meetings, in which the defendant participated, to collect, receive, and receipt for, the several sums so paid and promised, to attend to and superintend the application thereof in such manner as would effect the release of the township from the

draft; that the plaintiffs, in the execution of their trust, collected the several amounts so promised, except the amount promised by the defendant; that the several sums so promised and collected were applied to the purpose aforesaid to the entire satisfaction of the promisors, including the defendant; that payment of the sum had been demanded of the defendant, who wholly failed to pay any part thereof.

The second paragraph of the complaint is substantially the same as the first, except it is averred in the former that the township was relieved from the draft by the money and promises made at the public meetings, including that of the defendant.

A demurrer was overruled to the complaint; and this is assigned for error.

Trial by jury; verdict for the plaintiffs; motion for a new trial overruled. The evidence is made a part of the record by a bill of exceptions.

There are a number of questions argued by counsel which are not properly in the record. The instructions copied into the transcript by the clerk are not signed by the judge, nor are they included in any bill of exceptions.

When instructions are in writing, signed by the judge, they become a part of the record. In such case it is only necessary to mark on the margin, "given and excepted to," or, "refused and excepted to," signed by counsel; but when they are not signed by the judge, they can only be made a part of the record by bill of exceptions.

The motion for a new trial did not specify the fifth cause, "error in the assessment of the amount of recovery;" and therefore no question is presented as to the amount of the verdict.

There are several objections made to the complaint. We think the complaint is good. The plaintiffs were trustees of an express trust, and were therefore entitled to sue on the promise. There was a valid consideration for the promise. The defendant was subject to the draft, and to relieve

himself from this burden, he attended these meetings and made the promise. The township was relieved from the draft by means of the money and promises made, according to the second paragraph, and by means of the money, promises, and otherwise, by the first paragraph. The substantial thing was obtained for which the defendant contracted. The condition of the promisor was complied with. The legal effect of the promise was to pay to persons properly selected by the meetings.

The minutes of the meeting being lost, it was proper to introduce parol evidence of their contents. The memorandum kept by the clerk of the meeting, of the names and sums pledged, was only a part of the minutes of the proceedings.

There was no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*D. E. Williamson* and *A. Daggy,* for appellant.
*F. T. Brown* and *J. A. Scott,* for appellees.