## CITY OF INDIANAPOLIS v. PARKER, Sheriff.

NEW TRIAL.—*Excessive Damages.*—The assignment of excessive damages as a cause in a motion for a new trial is the only method by which that question can be raised.

TIME.— *Computation of.—Sheriff.—Custody of City Prisoners.*—Where a city, having no prison in which to confine prisoners convicted before its court for violations of its ordinances, commits them to the custody of the keeper of the county prison, it seems that if a prisoner is so placed in the custody of such keeper a short time before midnight and discharged a short time after that hour, the city cannot properly be charged with two days' boarding therefor.

APPEAL from the Marion Common Pleas.

Suit by the appellee against the appellant. The complaint alleges, that the plaintiff, as the sheriff of Marion county, is the keeper of the prison of said county; that the defendant having no prison wherein to confine prisoners convicted and committed for violations of the ordinances of said city, before the judge thereof, such prisoners are committed to the custody of the plaintiff, as keeper of the prison of the county; that the defendant is indebted to him for the custody, boarding, commitment, and discharge of such prisoners during the months of June and July, 1867, in the sum of $1,448,20, &c. Bills of particulars are attached as exhibits.

The defendant for answer filed the general denial; and it was agreed that thereunder all legal defenses might be offered, the same as if specially and properly pleaded.

The cause was submitted to the court upon the following agreed statement of facts:—

"The plaintiff is, and before the first day June, 1867, was, sheriff of Marion county, and as such had the keeping, custody, and boarding of the city prisoners committed by the city court of the defendant, during the months of June and July, 1867; that at the proper time the plaintiff presented to the city council his itemized accounts for the keeping, custody, and boarding of the city prisoners for the said months of

June and July, setting forth in separate columns the names of the prisoners, the offense for which committed, the date of commitment and of discharge, the number of days charged for, and (except where the prisoners had remained in from the former month, in which case it had been charged on the account of the preceeding month) the sum of forty cents for commitment and discharge, and the total for such prisoners, together with the total for all the prisoners; which accounts are in the words and figures following, to wit: (Copied with the complaint.) To each of these accounts was affixed a certificate of the plaintiff, sworn to before the clerk of Marion county, setting forth, that the bills were correct and just, that the articles furnished were necessary for the public service, and that the prices charged were just and reasonable. It is further agreed, that whenever a prisoner was committed to prison in the evening and discharged the following morning, the city was charged on these itemized accounts for two days; that when the prisoner was committed in the evening and discharged the next morning but one, that is, upon the second morning, the city was charged for three days; thus charging the city for one day's boarding, &c., for every calendar day any portion of which the prisoner was in custody; that if the period of twenty-four hours, and every fraction of twenty-four hours over and above full periods of twenty-four hours, had been reckoned as one day, instead of the method actually adopted in said accounts, the account for the month of June aforesaid would have charged the defendant with one hundred and fourteen days, or fifty-seven dollars, less than is therein actually charged; that said account would have been for five hundred and thirty-nine dollars and ten cents, instead of five hundred and ninety-six dollars and ten cents, the amount therein actually charged; that on the same principle, the account for July would have been for one hundred and sixty-nine days, or eighty-four dollars and fifty cents, less than actually charged; that said account for July would have been for seven hundred and sixty-seven dollars and sixty

cents, instead of for eight hundred and fifty-two dollars and ten cents, the amount actually charged. It is agreed that in said account for July the defendant is charged for the keeping, custody, and boarding of one John Davis, committed for intoxication, for two days (or one dollar), and one commitment and one discharging fee (or forty cents); that said Davis is represented by said account as having been committed on the 28th of July and discharged on the 29th of July; that in truth and in fact, said Davis, immediately on being committed on the 28th of July, deposited with the plaintiff a sum of money sufficient to pay the ordinary judgment and costs on a plea of guilty in such case, and was thereupon immediately discharged by the plaintiff from custody, and said sum so taken was, on the morning of the 29th, sent by the plaintiff by the hands of the city marshal to the police court of the defendant, where a plea of guilty was entered by said marshal for said Davis, and said judgment and costs were paid with said sum. It is further agreed that the accounts are correct, subject to the foregoing statement and explanation thereof as to the manner in which said charges are made."

This was all the evidence given in the cause; and thereupon the court found for the plaintiff, and assessed his damages at $1,448.20.

The appellant moved for a new trial, on the grounds, that the finding was contrary to law and contrary to the evidence. The court overruled the motion, and this is assigned for error.

RAY, J.—The only ground upon which this case could be reversed, were it presented by the record, is, that the damages assessed by the court are excessive. There can be no question that some of the charges are legal and proper, and although there seem to us to be items included in the account which cannot find any justification in law, as the charge for two days boarding where the prisoner was placed in the custody of the sheriff a short time before midnight and discharged therefrom a short time after that

hour, still, as excessive damages were not assigned as a cause for a new trial, we cannot say that the court erred in overruling the motion. It is insisted by counsel, that the agreed statement of facts called the attention of the court below to this error in the finding, but as the statute directs the method by which the question may be raised, we can recognize no other. The authorities in our own court in support of this ruling are numerous.

Judgment affirmed, with costs.

*B. K. Elliott* and *C. L. Holstein*, for appellant.

*J. Hanna* and *F. Knefler*, for appellee.