FLOYD ET AL. *v.* MADDUX.

PERFORMANCE.—*Excuse for Non-Performance.—Lessor and Lessee.—Complaint.*—In an action by the lessor, against the lessee, for damages in failing to take possession of the leasehold and pay the stipulated rent, wherein, by the terms of the lease, the lessor was to have made certain improvements before the date when the lessee was to have taken possession, the complaint alleged, as an excuse for not having made such improvements, that the lessee had notified the lessor, between the date of the lease and the date when possession was to have been taken, that he would not comply with the terms of the lease.

*Held,* on demurrer, that the alleged excuse for non-performance was valid.

PRACTICE.—*Excessive Damages.—New Trial.—Supreme Court.*—Excessive damages should be made ground for a new trial, and can not be presented, for the first time, to the Supreme Court, on appeal.

From the Howard Circuit Court.

*R. Vaile* and *J. F. Vaile,* for appellants.

*O. P. Mahan,* for appellee.

HOWK, C. J.—In this case, the appellee sued the appellants, in a complaint of a single paragraph, wherein he alleged, in substance, that on the 10th day of September, 1875, he and the appellants entered into a written contract of lease, whereby he leased to the appellants for one year, to commence on the 14th day of November, 1875, and to continue for one year from that date, a certain building situate on lot number 319, in the original plat of the town of Fowler, Indiana, a copy of which lease was annexed to, and made part of, said complaint; that the appellee agreed to make certain repairs to and about said building, by the 1st day of November aforesaid, and was willing at all times to put the appellants into possession of said premises, as per contract; that, for the purpose of repairing said building, and to perform all other things he had contracted to do, the appellee had purchased lumber and engaged carpenters, to make all necessary repairs, as per contract; but, about the 12th day of October, 1875, the appellants gave notice to the appellee, that they would not

Floyd *et al. v.* Maddux.

take possession of said building, nor would they comply with their part of said contract, nor had they at any time since complied with any part of said contract; that, in consideration of the covenants contained in said contract, the appellants were to pay the appellee, as rent for said building, the sum of three hundred dollars per year, payable in equal payments quarterly, in advance; that the appellants had never paid any part of said rent; that, after receiving the said notice from the appellants, the appellee at all times used due diligence to rent said property, but entirely failed until about the 1st day of February, 1876; that previous to receiving the said notice, and after entering into said contract, the appellee could have leased the said property to a third party for three hundred dollars per year, without making the repairs to said building, as set forth in said contract, had the property not been leased to the appellants; that the appellee was at all times ready and willing to give the appellants possession of said premises, but that they wholly refused to comply with their part of said contract. Wherefore the appellee said that he was damaged in the sum of three hundred dollars, for which he demanded judgment.

To this complaint the appellants demurred for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling they excepted. They then answered in two paragraphs, to the second of which the appellee replied by a general denial, putting the case at issue.

The cause was tried by the court, and a finding was made for the appellee, in the sum of one hundred and fifty dollars. The appellants' motion for a new trial having been overruled, and their exception entered to this ruling, the court rendered judgment on its finding.

In this court, the appellants have assigned, as errors:

1. The overruling of their demurrer to the complaint; and,

2. The overruling of their motion for a new trial.

1. In discussing the alleged insufficiency of the complaint, but one objection thereto is pointed out by the appellants' counsel in their brief of this cause, in this court. Counsel say : " The complaint nowhere avers a peformance, on the part of the plaintiff, of his part of the contract." We have given a full summary of appellee's complaint, in this opinion, and it will be seen therefrom, that the complaint did not contain an averment of performance by appellee of his part of the contract. Appellants' counsel say that such an averment " was necessary; " and it must be conceded, we think, as a general rule, that, in a complaint on such a contract as the one in suit in this case, such an averment is necessary, or the plaintiff must aver facts which show a sufficient excuse for the non-performance of his part of the contract. *Armstrong* v. *Rockwood*, 53 Ind. 506 ; and *Melton* v. *Coffelt*, 59 Ind. 310.

It seems to us that the appellee has alleged facts, in his complaint, which constituted a sufficient excuse for his non-performance of his part of the contract sued on. He alleged, as we have seen, that, by the terms of his contract with the appellants, he had agreed to make certain repairs to and about the building demised, and to complete such repairs by the 1st day of November, 1875 ; and that he had purchased lumber and engaged carpenters to make such repairs, in pursuance of his part of said contract. But he averred, that about the 12th day of October, 1875, the appellants gave him notice that they would not take possession of said building, nor would they comply with their part of said contract. This notice, by the appellants to the appellee, of their determination not to comply with or perform their part of the contract in suit, we think, was a sufficient excuse for the non-performance by the ap-

Floyd *et al.* *v.* Maddux.

pellee of his part of said contract. In so far as the objection of the appellants' counsel to the complaint is concerned, it was sufficient on the demurrer thereto for the want of facts; and, if there are any other objections to the complaint, they must be regarded as waived, as they are neither pointed out nor discussed by counsel in their brief of this cause.

2. Under the alleged error of the court, in overruling the motion for a new trial, the only point made by the appellants' counsel, in argument, relates to the alleged insufficiency of the evidence to sustain the finding. There is no conflict in the evidence, for none was introduced by the appellants; and there is certainly evidence in the record which tends to sustain the finding of the court, on every material point. Appellants' counsel claim, and there is an apparent foundation for the claim, that the finding was for too large an amount; but the point is made for the first time in this court, and is not properly presented here, as neither excessive damages, nor error in the assessment of the amount of recovery, were assigned as causes for a new trial in the motion therefor. Without such an assignment of the matter complained of, as a cause for a new trial, in the motion for such new trial addressed to the trial court, it must be obvious that no question in relation to the amount of the verdict or finding is or can be properly presented for the consideration of this court. *Frank* v. *Kessler*, 30 Ind. 8; and *Dix* v. *Akers*, 30 Ind. 431. In the case of *Spurrier* v. *Briggs*, 17 Ind. 529, it was decided expressly, that an assignment as cause for a new trial, in the motion for a new trial, that the verdict or finding was not sustained by the evidence, which was the only assignment in the appellants' motion in the case at bar, would present no question to this court either as to excessive damages or as to error in the assessment of the amount of the recovery, for these are separate statutory causes for a new trial. 2 R. S. 1876, p. 179, sec. 352.

---

We can not disturb the finding of the court upon the mere weight of the evidence. *Swales* v. *Southard*, 64 Ind. 557.

The judgment is affirmed, at the appellants' costs.