Millikan *et ux. v.* Patterson.

Judgment affirmed.

Filed Sept. 19, 1883. Petition for a rehearing overruled Nov. 26, 1883.

---

No. 10,304.

## MILLIKAN ET UX. *v.* PATTERSON.

TAXES.—*Sale of Land for.*—*Tax-Title.*—*Deed as Evidence.*—A tax deed made upon a sale of land for taxes in the form given by section 224, 1 R. S. 1876, p. 123, is *prima facie* evidence of the recitals therein; but if it recites facts not in the form, it is no evidence of their truth, and in no case is it sufficient evidence of title.

SAME.—*Evidence Necessary to Establish Title.*—To establish title upon a sale of lands for taxes, it must be shown that every material requirement of the law necessary to authorize the sale, from the listing of the land to the delivery of the deed, has been strictly complied with.

NEW TRIAL.—*Motion.*—*Amount of Recovery.*—Where a motion for a new trial assigns as causes only that the verdict is contrary to law and is not supported by the evidence, no question as to the amount of the recovery is presented.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellants.

*C. E. Hendry,* for appellee.

HAMMOND, J.—Action by the appellee against the appellants to quiet the title to forty acres of land in Howard county.

The appellants answered jointly by the general denial. The appellant Frank M. Millikan also filed a cross complaint

against the appellee, asserting title to the same land under a tax deed, and asking to have his title quieted or his lien for taxes enforced. The appellee answered in two paragraphs, first, the general denial; and second, admitting the tax sale, but setting up facts showing it was invalid, and averring a tender before suit of the whole amount then due on the tax lien.

Trial by the court; finding and judgment for the appellee upon the question of title; also, that there was due the appellant Frank M. $52 on his tax lien to the date of the trial, but that on August 16th, 1881, the appellee had tendered $46.66, the amount then due. The decree directed the appellee to pay the appellant the amount last named within a time specified, and provided that, if he did not do so, the appellant should have judgment for $52, to be collected by sale of the land at the expiration of sixty days.

The appellants excepted to the judgment. They then moved for a new trial, because of error of the court in overruling their motion to suppress a deposition, and because the finding was contrary to law and not sustained by the evidence. This motion was overruled, and the appellants excepted. The only error assigned by them in this court is the overruling of their motion for a new trial.

There is no question in this court as to the form of the judgment. The appellants' exception to the judgment is not available here for the reason that the refusal of the court to sustain their exception is not assigned as error. *Clark* v. *Stephenson,* 73 Ind. 489; *Merritt* v. *Pearson,* 76 Ind. 44.

The alleged error of overruling the motion to suppress a deposition is not discussed in the appellants' brief, and is, therefore, regarded as waived.

The evidence is in the record. It shows a good title to the land in the appellee unless it was divested by the tax sale.

To support his claim of title under his counter-claim, the appellant Frank M. introduced no evidence except his tax deed. This was duly executed and acknowledged by the county auditor and witnessed by the county treasurer, February 21st,

1880. The tax sale, by the recitals in the deed, occurred February 12th, 1878, for delinquent taxes.

The tax deed follows the form prescribed in section 224, 1 R. S. 1876, p. 123, then in force, with a further recital to the effect that the owner of the realty had no personal property in the county out of which the taxes for which the land was sold could be collected.

Section 224, *supra,* provides that the tax deed shall be in the form therein given as nearly as the nature of the case will admit, and that it shall be conclusive evidence of all the facts recited in the deed. This relates to the facts in the deed where it follows the statutory form. If it recites facts outside of this form, it is not, as to such additional facts, either conclusive or *prima facie* evidence. The recital, therefore, in the tax deed under consideration, of the want of personal property out of which to collect the taxes for which the land was sold, is no evidence of that fact. But if it should be conceded that this deed was conclusive evidence of all the facts therein recited, including that in relation to the want of personal property out of which to make the taxes, the deed, without other proof, is still not sufficient to establish title. Laws in relation to the sale of land for non-payment of taxes are strictly construed. To prove a valid tax title, it is necessary to show that every material requirement of the law in every step necessary to be taken to authorize the sale had been strictly complied with. *Williams* v. *State,* 6 Blackf. 36; *Barnes* v. *Doe,* 4 Ind. 132; *Wiggins* v. *Holley,* 11 Ind. 2; *Gavin* v. *Shuman,* 23 Ind. 32; *Wilson* v. *Lemon,* 23 Ind. 433; *Ellis* v. *Kenyon,* 25 Ind. 134; *Steeple* v. *Downing,* 60 Ind. 478. It is said in Blackwell on Tax Titles, p. 65: "Each and every step, from the listing of the land for taxation, to the consummation of the title by the delivery of a deed to the purchaser, is a separate and independent fact. All of these facts, from the beginning to the end of the proceeding, must exist; and if any material link in the chain of title be wanting, the whole falls to the ground for want of sufficient authority to support it." The

principles thus stated are fully recognized and approved in the decisions of this court, above cited. Taking the facts recited in the statutory form of a tax deed as conclusively true, there are still many other important facts which must be proved, *aliunde*, to establish title. The tax sale in the present case was made under the statute of December 21st, 1872, and amendments thereto. It would tediously and unprofitably extend this opinion to follow the statute and show the various steps which are required to be taken, and of which the deed makes no mention, from the listing of the land for taxation to the delivery of the deed. The following references, in 1 R. S. 1876, will indicate some of the facts necessary to be proved to make a valid tax title, none of which are recited in the statutory form for a tax deed: Section 116, p. 102; sections 118 and 119, pp. 102, 103; sections 150 and 152, p. 111; section 180, p. 116, as amended, Acts Reg. Sess. 1877, p. 142; section 202, p. 120; section 196, p. 119; sections 277, 278, 279 and 280, p. 134; section 4, p. 140. There are doubtless other statutory provisions necessary to be complied with, and a compliance with which must be proved to make a legal tax sale so as to convey title, but the above will be sufficient to partially indicate how far short a tax deed comes from proving title. There is nothing in section 254 or 255, 1 R. S. 1876, p. 128, that in any way dispenses with the introduction of the evidence above indicated to prove a valid tax title.

The trial court properly held that the appellants' claim of title under the tax sale was not sufficiently supported by proof.

Having determined that the appellants' claim of title could not be upheld, the court, under section 257, 1 R. S. 1876, p. 129, then proceeded to ascertain the amount due the appellant Frank M., on his tax lien, and gave him judgment for $49.66, being the amount due up to the time of the alleged tender. The appellants insist, on several grounds, that the tender was not good, and that interest, at 25 per cent., should have been computed on the tax lien up to the date of the trial. But their motion for a new trial did not present that

·question in the court below, nor is it presented in this court. This motion, as we have seen, outside of the alleged error in not suppressing a deposition, presented only two causes for a new trial, namely, that the finding was contrary to law and not sustained by the evidence. The appellants' claim, that the finding should have included interest to the date of the trial, is, in effect, a claim that the finding against the appellee is too small. "Error in the assessment of the amount of recovery, whether too large or too small," is the fifth statutory cause for a new trial. Section 559, R. S. 1881. This cause was not embraced in the appellants' motion for a new trial, and the question of the amount of the recovery being too small is not before us. *Frank* v. *Kessler*, 30 Ind. 8; *Floyd* v. *Maddux*, 68 Ind. 124; *Kelso* v. *Wolf*, 70 Ind. 105.

We find no error in the record.

Judgment affirmed, at appellants' costs.

Filed Nov. 26, 1883.