CENTRAL BUSINESS MEN'S ASSOCIATION *v.*
MATTHEWS.

[No. 11,252. Filed May 23, 1924. Rehearing denied December 2, 1924. Transfer denied March 13, 1925.]

1. APPEAL.—*Only questions submitted to trial court and ruled on are considered on appeal.*—On appeal, only such questions will be considered as have been brought to the attention of the trial court and a ruling obtained thereon. p. 551.

2. APPEAL.—*Error in determining amount of recovery, not reviewed on appeal unless called to trial court's attention by motion for new trial.*—In an action on a policy providing for the payment of "sick benefits," error of the court in determining the number of weeks for which plaintiff was entitled to benefits cannot be reviewed on appeal unless called to the trial court's attention by a motion for a new trial. p. 551.

3. APPEAL.—*Assigning as ground for new trial the insufficiency of evidence presents no question as to amount of recovery.*—Assigning as a ground for a new trial that the verdict or decision is not sustained by sufficient evidence presents no question as to the amount of recovery. p. 551.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Thomas E. Matthews against the Central Business Men's Association. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Franklin G. Davidson,* for appellant.

*W. J. Sprow,* for appellee.

ENLOE, J.—This was an action by the appellee to recover certain benefits to which he alleged he was entitled under the provisions of a certain health policy of insurance, issued to him by the appellant.

The cause was tried by the court and resulted favorably to the appellee. The appellant's motion for a new trial on the grounds: (a) That the decision of the court was not sustained by sufficient evidence; and (b) that said decision of said court was contrary to law, having been overruled, this appeal was prosecuted based upon such ruling.

Central Business Men's Assn. *v.* Matthews—82 Ind. App. 550.

The appellant in its brief filed herein expressly admits that the appellee was entitled to a finding in his favor, and was entitled to recover a judgment against it, but its complaint is that the amount found by the court to be due the appellee is too large, that the appellee was not entitled to recover all that the court allowed him.

It is a fundamental principle that on appeal only such questions will be considered as have been brought to the attention of the trial court and a ruling 1. thereon obtained; this is necessary to protect the trial court and litigants in the due administration of justice.

Under the provisions of the policy in suit, the appellee was entitled to receive, in case of sickness which confined him to the house, and which totally disabled 2. him from performing the duties of his occupation the sum of $25 per week, not exceeding fifty-two weeks, and for sickness which did not confine him to the house but which wholly prevented him from performing the duties of his occupation, the sum of $10 per week for a period not exceeding ten weeks. The sickness complained of by appellee was both "confining" and "non-confining," and if the trial court erred in finding and fixing the number of weeks of benefits to which the appellee was entitled in either class of sickness, this was an error which went to the assessment of the amount of the recovery, and should have been called to the attention of the trial court in the motion for a new trial.

In *Floyd* v. *Maddux* (1879), 68 Ind. 124, it was said: "Appellants' counsel claim, and there is apparent foundation for the claim, that the finding was for 3. too large an amount; but the point is made for the first time in this court, and is not properly presented here, as neither excessive damages, nor error

Northern Ind. Power Co. *v.* Hawkins—82 Ind. App. 552.

in the assessment in the amount of recovery, were assigned as causes for a new trial in the motion therefor. Without such an assignment of the matter complained of, as a cause for a new trial, in the motion for such new trial, addressed to the trial court, it must be obvious that no question in relation to the amount of the verdict or finding is or can be properly presented for the consideration of this court." In *Davis* v. *Montgomery* (1890), 123 Ind. 587, it was said: "That the amount of recovery was too large was not assigned as one of the causes for a new trial, and it has been repeatedly held that the sixth statutory cause, the one assigned in the present case, that the verdict or decision is not sustained by sufficient evidence, does not present any question as to the amount of recovery." See, also, *Indianapolis* v. *Parker, Sheriff* (1869), 31 Ind. 230; *Kelso* v. *Wolf* (1880), 70 Ind. 105; *Dix* v. *Akers* (1868), 30 Ind. 431; *Millikan* v. *Patterson* (1883), 91 Ind. 515; *Hutchinson, Exr.,* v. *Hutchinson* (1921), 76 Ind. App. 494.

In this condition of the record herein, no question is presented. The death of the appellee having been suggested, the judgment is affirmed as of the date of submission.