## SLICK v. STATE OF INDIANA.

[No. 24,475. Filed February 25, 1926. Rehearing denied April 21, 1926.]

1.  INTOXICATING LIQUORS.—*Provisions of prohibition law of 1917 as to prima facie proof of intent to sell were not applicable to prosecutions for selling, intoxicating; liquor in 1923.*—Since it was not unlawful in 1923 to have possession of intoxicating liquor with intent to sell the same, §§28 and 29 of the prohibition law of 1917 (Acts 1917 p. 15, §§8356b1, 8356c1 Burns' Supp. 1921) relative to *prima facie* evidence of possession of liquor for sale were not applicable, and the possession of intoxicating liquor was no proof whatever of a sale of such liquor.  p. 553.

2.  CRIMINAL LAW.—*Appellate tribunal considers only evidence most favorable to prosecution in determining sufficiency of evidence to sustain finding. of guilt.*—On appeal by the defendant in a criminal case, the appellate tribunal considers only the evidence most favorable to the prosecution in determining the sufficiency of the evidence to sustain the finding.  p. 553.

3.  INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for making wine.*—Evidence, though meager, *held* sufficient to sustain conviction for manufacturing wine.  p. 553.

4.  CRIMINAL LAW.—*On defendant's appeal, evidence will not be construed on theory of his innocence, but on theory that judg-. ment is right, and only evidence favorable to the state will be considered.*—On appeal from a conviction in a criminal case, the evidence is not construed on the theory that the defendant is innocent, but on the theory that the judgment is right, and only the evidence favorable to the state, with the inferences and conclusions to be drawn therefrom, will be considered.  p. 555.

5. CRIMINAL LAW.—*Truth of testimony is for trial court, when trial is by the court, and its conclusions as to whether testimony was worthy of belief cannot be disturbed on appeal.—* The truth of the testimony of witnesses is for the trial court, when the trial is by the court, and its conclusions as to whether the testimony was worthy of belief cannot be disturbed on appeal. p. 555.

From Marion Criminal Court (54,892) ; *James A. Collins,* Judge.

Henry Slick was convicted of violating the prohibition law, and he appeals. *Affirmed.*

*C. R. Cameron,* for appellant.

*U. S. Lesh,* Attorney-General and *Cronk & Wilde,* for the State.

WILLOUGHBY, J.—The appellant was charged by indictment with a violation of the liquor law. The charging part of the indictment is as follows: "That Henry Slick and Mary Slick, on or about the 27th day of May, 1923, at and in the county of Marion, and State of Indiana, did then and there unlawfully manufacture, transport, sell, barter, exchange, give away, furnish, and otherwise dispose of intoxicating liquor to persons to the grand jury unknown.   *   *   *"

On a plea of not guilty, defendants were tried by the court without a jury. The defendant Mary Slick was acquitted and appellant, Henry Slick, convicted and the court fixed his punishment at a fine of $200 and costs and imprisonment on Indiana state farm for a period of sixty days.

Appellant appeals from this judgment and assigns as error that the court erred in overruling his motion for a new trial. The reasons alleged in said motion for a new trial are: (1) The finding of the court is contrary to law; (2) the finding of the court is not sustained by sufficient evidence. No other question is presented under the assignment of errors.

The evidence shows that appellant was arrested on May 25, 1923, by a lieutenant of police at his home on Rural Route E at his farm house, and at the time of the arrest both defendants, Henry and Mary Slick were together in their home. On a search by the officers they found three five-gallon jugs of white mule whisky buried in the ground about forty yards from the house; a quart bottle of white mule whisky upstairs in the house; three empty five-gallon jugs and twelve pints of home-made beer and some wine. The officers testify that the wine was intoxicating; that it contained sixteen and forty-three one-hundredths of alcohol. The ground on which the white mule whisky was found buried was in an open space on vacant land in plowed ground.

The officer testified that Mrs. Slick said she had made the so-called wine containing a little of everything; that he dumped it out of the back door. A quart of white mule was found upstairs in the window of appellant's house. This testimony of the officer who made the arrest was disputed by the defendants, Henry Slick and Mary Slick. The defendant Henry Slick, said that the wine was just oranges and lemons and that was about all you could make out of it; that it had been made only two days and had no yeast and no alcohol in it. But Jones testified that the so-called wine was in a large container and that Mary Slick said she had made it, but didn't know how long it had been made. Jones also testified that the beer was intoxicating. Jones testified that Mrs. Slick said she made the beer, twelve pints and it was home-made beer. Mrs. Slick denied this testimony and said she didn't say so.

It will be observed that the indictment in this case charges the unlawful manufacturing, transporting, selling, bartering, exchanging, giving away, furnishing and otherwise disposing of intoxicating liquor. The evidence shows that Mrs. Slick threw down a bottle said

to contain intoxicating liquor and thus broke it. The appellee claims that the destruction thereof is *prima facie* evidence that the contents of the receptacle consisted of intoxicating liquor intended for unlawful sale.

The state further claims, "that it is not necessary for the state to prove that the liquor was found on premises actually owned by the appellant. If the 1. presence of the whisky, in connection with other circumstances indicating commission of the offense charged was sufficient to support an inference that appellant was in the possession of intoxicating liquor for the purpose of selling it, the judgment of the trial court should not be disturbed." But it must be borne in mind that the indictment in this case does not charge the defendant with being in possession of intoxicating liquor with the intent to sell, barter, exchange, give away, and otherwise dispose of it. It will also be observed that the act under which this prosecution was commenced, being ch. 23, Acts 1923 p. 70, does not make it an offense to have the possession of intoxicating liquor with the intent to sell, barter, exchange, give away and otherwise dispose of the same. *Smith* v. *State* (1924), 194 Ind. 686. Therefore §§28 and 29 of ch. 4 of the Acts of 1917, cannot apply. At the time of this prosecution, the mere possession of intoxicating liquor was not criminal. *Crabbs* v. *State* (1923), 193 Ind. 248; *Smith* v. *State, supra.*

There is no evidence tending to show that the appellant did sell, barter, exchange, give away, furnish, or otherwise dispose of intoxicating liquor. The 2, 3. act under which this prosecution was brought did make it an offense to manufacture intoxicating liquor. There is no evidence anywhere in the record that the defendants or either of them had in his or her possession any still for manufacturing distilled liquor and no fact or facts are proved from which such

manufacture by the appellant could reasonably be inferred. There is some evidence tending to show that appellant had in his possession intoxicating wine and home-made beer and some evidence tending to show that he made the wine or assisted in the manufacture thereof.

In considering whether the evidence sustains the finding of the court, we must consider only the evidence most favorable to the prevailing party. In this case, the prevailing party is the state. While the evidence that the appellant made or assisted in making intoxicating wine is meager, yet, it is some evidence. Under the rule prevailing in this court, it is sufficient evidence. We must therefore hold that there is evidence sufficient to sustain the finding of the court.

Judgment affirmed.

## ON PETITION FOR REHEARING.

WILLOUGHBY, J.—The appellant petitions for a rehearing in this cause, and alleges error of the court in holding that there is some evidence to show that the appellant had in his possession intoxicating wine and home-made beer, and some evidence tending to show that he made it or assisted in the manufacture thereof.

We have re-examined the evidence in the case and find that the evidence connecting the appellant with the manufacture of home-made wine which the officers testified was intoxicating, comes from the appellant, himself. The officers testified that home-made wine, which was intoxicating was found in a large container in appellant's house. And the testimony of appellant in regard to this wine, was as follows: "Q. What was this that they claimed was wine? A. Just oranges and lemons; that is about all you can make out of it. It had only been made two days. Q. Only two days old?

Slick *v.* State—197 Ind. 550.

A. That was all. Q. Was there any yeast in it? A. No. Q. Was there any alcohol in it? A. No, sir."

Appellant insists that Mrs. Slick admitted sole responsibility for the preparation of the home-made wine, yet the testimony of the appellant himself, describing the contents or composition of the wine, that it was only two days old and that there was no yeast in it, and no alcohol, is evidence from which the trial court could infer that the appellant had something to do with the making of it.

It is contended by appellant that we must construe this evidence on the presumption of appellant's innocence. This is not the law. Until conviction the 4. defendant is presumed to be innocent and all the evidence must be construed upon the theory that he is innocent, but after conviction and judgment then the presumption is in favor of the judgment of the trial court. And in ascertaining whether the finding of the trial court is sustained by sufficient evidence, this court will consider only the evidence most favorable to the state, with the inferences and conclusions to be drawn therefrom.

It is also argued by the appellant that the testimony of the officers who testified that the wine contained sixteen and forty-three one-hundredths per cent of alco- 5. hol cannot be relied on, especially as it does not show that any of the wine was analyzed or kept for examination to ascertain the alcoholic content. But the evidence of the officers is in the record and it was the province of the trial court to believe or disbelieve it, and the conclusion at which the trial court arrived cannot be disturbed by this court on appeal.

There is no evidence tending to connect the appellant with the making of intoxicating beer, and the original opinion is modified to that extent.

The petition for a rehearing is denied.