## BECK *v.* WETTER.

[No. 24,851. Filed April 20, 1926.]

1. ELECTIONS.—*Primary election law makes no provision for contesting election of precinct committeeman, but §§58 and 61 of the law (§§7436, 7439 Burns 1926) declare the intention to place primary under regulations and protection of general election law.*—The primary election law makes no provision for contesting the election of a precinct committeeman, but §§58 and 61 of the law (§§7436, 7439 Burns 1926) declare the intention to place the primary under the regulations and protection of the general election law. p. 524.

2. ELECTIONS.—*General election law providing for election contests is applicable to election of precinct committeemen under the primary law.*—The general election law providing for the contest of elections (§7597 *et seq.* Burns 1926, §6995 *et seq.* Burns 1914) is applicable to the election of precinct committeemen under the primary election law. p. 526.

3. ELECTIONS.—*The general election contest law is part of the primary election law.*—By virtue of §§58 and 61 of the primary election law (§§7436, 7439 Burns 1926), the general election contest law (§7597 *et seq.* Burns 1926) becomes a part of the primary election law. p. 526.

From Marion Circuit Court (37,703); *Harry O. Chamberlin,* Judge.

Proceeding by Emanuel B. Wetter to contest the election of Fred S. Beck as precinct committeeman. The proceeding was dismissed in the county commissioners' court, and an appeal taken to the Marion Circuit Court.

From the decision there rendered, the contestee appealed. *Affirmed.*

*William Bosson, James M. Ogden, Ralph Kane* and *Emsley Johnson,* for appellant.

*Paul C. Wetter* and *Richard L. Ewbank,* for appellee.

MYERS, J.—A primary election was held May 6, 1924, in Marion county, Indiana, pursuant to the primary election law approved March 8, 1915, and amendments thereto (Acts 1915 p. 359; Acts 1917 p. 354; Acts 1921 p. 413; §7380 *et seq.* Burns 1926; §7054a *et seq.* Burns' Supp. 1921), at which election precinct committeemen were selected for the various election precincts of the county. In the ninth precinct of the thirteenth ward of Indianapolis in Marion county, appellee, Wetter, and appellant, Beck, were opposing candidates on the Republican ticket for election as precinct committeeman from that precinct and to represent it as a member of the Republican County Central Committee of Marion county. The primary election board for that precinct made a return showing that appellee received 184 votes and appellant 197 votes, and thereupon it having been thus made to appear to the canvassing board that appellant had received the highest number of votes, he was declared elected and so certified.

On May 15, appellee began these proceedings to contest the election of his opponent Beck by filing with the auditor of Marion county a written statement charging irregularity and malconduct on the part of the members or persons constituting the primary election board, supported by his affidavit. Thereafter, such proceedings were had that the matters of contest thus preferred came on to be heard before the board of county commissioners of Marion county, at which time appellant successfully moved to dismiss the proceedings. Thereupon appellee prosecuted an appeal from the board of

commissioners to the Marion Circuit Court wherein he filed what is denominated a second paragraph consisting of a statement of facts in greater detail relied on by him, as showing fraudulent conduct on the part of the primary election board in precinct No. 9 in counting the vote for the election of a Republican committeeman, and in making a fraudulent return of the votes so cast, whereby and by reason of such fraud it was made to appear that appellant received a majority of the votes cast, when in truth and in fact appellant received only 140 votes and appellee 238 votes. To each paragraph of appellee's petition, a motion to dismiss and a demurrer for want of facts were each severally overruled. Appellant refused to answer and elected to stand on the ruling of the court on his demurrers. Judgment was rendered against him and in favor of appellee. The various rulings of the trial court on appellant's motion to dismiss and upon his demurrers are here assigned as errors.

After a careful consideration of the pleadings, rulings of the trial court, and the points and authorities submitted by appellant, we have reached the conclusion that two questions only have been submitted for our consideration: (1) Does the law authorize a contest in connection with the election of a precinct committeeman? (2) is a controversy over the election of a precinct committeeman deferred to the rules and regulations alone of the state central committee?

The primary election law proper makes no provision for contesting the election of a precinct committeeman. Sections 58 and 61 of that law declares the intention of the law-making power to place the primary under the provisions, regulations and protection of the general election law. §§7436, 7439 Burns 1926, §7054g2, 7054j2 Burns' Supp. 1921. Directing our attention to the provisions of the general

election law on the question of who may contest and for what causes an election may be contested, it appears that, "The election of any person declared elected by popular vote to any office, whether state, county, township or municipal, may be contested by any elector who was entitled to vote for such person." §66, Acts 1881 (Spec. Sess.) p. 482, §7597 Burns 1926, §6995 Burns 1914. The statutory cause material to this case is "for irregularity or malconduct of any member or officer of the proper board of judges or canvassers." §79, Acts 1881, *supra*, §7610 Burns 1926, §7008 Burns 1914.

Appellee bases his right to contest the election of appellant and rests his grounds for contest upon the above statutory provisions. Much has been said in the briefs before us on the question of whether or not the statute providing for the election of a precinct committeeman thereby created an office within the meaning of the statute permitting what is generally known as an election contest. Appellant reaches the conclusion that the election of a person as precinct committeeman is not an election to an office within the statute which may be contested, and hence appellee's remedy, if he has any, was by appeal to the party tribunal authorized by the legislature to control and govern political conduct. The construction that appellant would place upon §66, *supra*, is too narrow, in that he fails to take into consideration the provisions of §§58 and 61 of the primary election law making the general election law applicable thereto, and the further provisions of the primary law providing for the election of precinct committeeman by a popular vote.

The legislature, in making provision for the selection of precinct committeemen by the use of the Australian ballot (§9, Acts 1915 p. 363; §10, Acts 1917 p. 363) and by provisions otherwise guarding the secrecy of the ballot, evinces a purpose and intent to prevent a corrupted

ballot and thus obtain a free expression of the voters in the election of such committeemen by all parties coming within the provisions of the primary election law. Moreover, it will be noticed that the legislature has designated the procedure and provided the instrumentalities for carrying forward the will of the voters in the selection of their representatives on the county central committee. In fact, the question of the organization of political parties is at present largely controlled by law. While the state central committee of each party coming under the provision of the primary law is declared to be the highest party authority and may make proper rules, regulations or resolutions pertaining to party government, yet it is prohibited by statute from passing rules or regulations which will conflict with any law of this state. Acts 1917 p. 354, §1.

The manner or procedure to be followed at the May, 1924, primary, for the election of Republican precinct committeemen throughout the state, and for the ninth precinct of the thirteenth ward in Indianapolis, was definitely prescribed by statute. The petition alleges facts showing that a primary election for the election of a Republican precinct committeeman for the ninth precinct was held on May 6, 1924, pursuant to law, and that the appellee herein actually received ninety-eight more votes than his only opponent, this appellant. But, by reason of the fraud and malconduct of the primary election board, votes cast for appellee were intentionally counted for appellant, thereby and by that means making a false and incorrect return to the canvassing board of the legal votes as they were actually cast for precinct committeeman at such election.

As we have seen, our present primary law expressly declares that the general election law, enacted 2, 3. years before, shall be in aid of and made to apply to all primaries, including the manner of conduct-

ing elections, of counting the ballots, making the return thereof, and all other kindred subjects. It thus appears that the general election law and the primary law must be considered together, and when this is done, the conclusion must follow that the legislature intended and did actually make the general election contest law and the procedure in connection therewith a part of the primary law. Precinct committeemen are elected, not nominated, but we are not to be understood as holding that a nomination for office cannot be contested. Whether the election of a precinct committeeman is to fill an office or whether the primary law has created the office of precinct committeeman is of little consequence, in the face of the statute providing for precinct committeemen and when and how they are to be elected. Especially is this so when the legislature has, in effect, required the law of contests in general elections to be molded to fit elections by direct primaries. We therefore hold that the general election law providing for an election contest is applicable to the election of a precinct committeeman under the primary law.

The trial court did not err in its rulings which appellant has here assigned as errors.

Judgment affirmed.