LUTTRELL *v*. STATE OF INDIANA.

[No. 23,336. Filed December 8, 1932.]

**118**

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, by indictment returned in the court below, was charged with assault and battery with intent to murder one Wilke Byers by shooting him with a revolver which he carried without a permit required by law. Secs. 2417, 8013 Burns 1926. The verdict of the jury, in substance, found him guilty of assault and battery by the use of a revolver which he, at the time, had no permit to carry, as required by law, and fixed his fine at $1,000. Judgment was rendered against him, assessing a fine of $1,000 and imprisonment from one to five years. His motion for a new trial was overruled, and this ruling is assigned as error.

The causes on which appellant relies for a new trial are: That the verdict of the jury is contrary to law; that the statute alleged to have been violated is unconstitutional and void; and that the court erred in permitting the prosecuting attorney, after waiving opening argument, over his objection, to make the closing argument.

Appellant, in support of his first specification for a new trial—verdict contrary to law—relies on want of evidence to support the verdict or to support the fact of intent to commit a simple assault and battery. Under this specification the evidence may be challenged. *Chapman* v. *State* (1901), 157 Ind. 300, 61 N. E. 670; *Trainer* v. *State* (1926), 198 Ind. 502, 511, 154 N. E. 273.

The evidence adduced at the trial is here and we have read the same, not only as recited by counsel in their briefs, but from the record as well. It must be admitted that the evidence tending to prove several elements of the offense charged was strongly controverted. It involved the various activities and intentions of both the

prosecuting witness and appellant at the time of and immediately prior to the conflict. It was before the jury for interpretation. It was brought to the attention of the trial court by the motion for a new trial. The jury and the trial court had an advantage which this court cannot have of observing the witnesses while testifying, which is exceedingly helpful in determining the weight and credit to be given their testimony. Hence the rule, that where there is evidence, if believed, to sustain each essential fact to support a conviction, although contradicted by evidence apparently as worthy of belief, this court, under such circumstances, regardless of its impression on the subject, will not disturb the verdict of the jury or finding of the court. *Waliski* v. *State* (1923), 193 Ind. 232, 139 N. E. 363; *Hall* v. *State* (1923), 193 Ind. 355, 139 N. E. 588; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151; *Cazak* v. *State* (1925), 196 Ind. 63, 147 N. E. 138; *Dudley* v. *State* (1925), 196 Ind. 329, 146 N. E. 398; *Starks* v. *State* (1926), 197 Ind. 468, 151 N. E. 332.

The defendant, in a criminal action in the trial court, is presumed innocent of the charge alleged against him until, by evidence, he is proven guilty beyond a reasonable doubt (§2302 Burns 1926), but in case of conviction, the presumption on appeal of correct action below obtains until overcome by a showing of no evidence to prove some material fact, or, for some other cause, it affirmatively appears that the defendant was prevented from having a fair trial. *Fullen* v. *State* (1926), 198 Ind. 407, 151 N. E. 616; *Slick* v. *State* (1926), 197 Ind. 550, 555, 150 N. E. 762, 151 N. E. 401.

To epitomize the evidence, it was shown that appellant had a revolver, which, according to the evidence of the clerk of the Vanderburgh Circuit Court, he had no permit to carry, and which he pointed at the prosecuting witness; that he fired two shots, the last one taking

effect in the fleshy part of the leg near the hip of the latter. The bullet was later removed by a surgeon. The shooting took place in front of Keppel's restaurant facing Locust Street at the corner of Fifth Street in Evansville at between seven and eight o'clock in the evening. The wife of the prosecuting witness divorced him seven months prior to this occurrence, and thereafter had worked for appellant in his restaurant on Third Street until he disposed of it a short time before the shooting took place. Prior to the divorce, appellant had roomed at the home of Byers. Appellant and the prosecuting witness had not been on friendly terms for five or six months. A few minutes before the instant trouble, Byers, accompanied by Orville Phillips, entered the Keppel restaurant. Appellant, at the time, was in the restaurant drinking a cup of coffee. Byers ordered a glass of milk and while he was drinking it appellant left the restaurant followed by Phillips. About two weeks before this, Phillips and appellant had some trouble. When Byers came out of the restaurant Phillips and appellant were in an argument and Byers said that when he started to pass them appellant drew his gun with the remark directed to him: "Maybe you want some of this," and started to back away, firing the first shot which Byers said came close to his head. Appellant, followed by Byers, continued to point his pistol at him and was retreating when the second shot was fired, and thereafter continued to withdraw until a policeman took charge of him. There was some evidence tending to show that Byers had threatened to shoot appellant and had drawn a gun on other people prior to this time, all of which had been communicated to appellant. Byers was not armed on the evening of the trouble, but his reputation for peace and quietude among the people with whom he associated was shown to be bad.

The foregoing reference to the highlights of the evi-

dence in this case is given merely to give the reader hereof a suggestion of what may be found upon an examination of the record. Looking to the entire evidence in this case, we have reached the conclusion that for this court to disturb the judgment below would require us to weigh the evidence, a function exclusively for the jury and trial court.

It is next insisted that the statute, §8013, *supra* (cause 6 in the motion for a new trial), is unconstitutional for the reasons following: That it is uncertain; that it is class legislation; that it discriminates between individuals in the same class, and provides for double and excessive punishment. Appellant did not, by his motion for a new trial or otherwise, direct attention of the trial court nor this court to the constitutional provision or provisions, either Federal or State, on which he relies to sustain his claim that the statute upon which this prosecution is based is unconstitutional. The mere statement that a statute is unconstitutional, followed by reasons stated generally for such belief, as here, presents no question. The rule is well settled in this state that he who challenges the validity of a statute on constitutional grounds must point to the constitutional provision inhibiting such legislative action. *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49; *Edenharter* v. *Connor* (1916), 185 Ind. 643, 648, 114 N. E. 212; *Manley* v. *State* (1925), 196 Ind. 529, 532, 149 N. E. 51; *Levy* v. *State* (1903), 161 Ind. 251, 256, 68 N. E. 172. While we might or might not correctly select the constitutional provisions counsel for appellant had in mind, yet it is not our province to speculate on such matters or to disturb the ruling of the trial court on questions not presented to it for decision. *Meadows* v. *Thomas* (1918), 187 Ind. 216, 118 N. E. 811; *Gillenwater* v. *State* (1925), 196 Ind. 556, 147 N. E. 714; *Heyverests* v. *State*

(1931), 202 Ind. 359, 174 N. E. 710; *Central Business Men's Assn.* v. *Matthews* (1925), 82 Ind. App. 550, 143 N. E. 885.

Lastly, appellant contends that the court erred in permitting the prosecuting attorney to close the argument to the jury when he had refused to open it. We have searched the record and failed to find any objection on the part of appellant, or any ruling of the court on the procedure said to have been followed in this case. In his motion for a new trial he asserts such procedure was had. He also attempts to raise the question by an independent assignment of error. In neither of these ways was the question properly saved. A timely objection and ruling of the trial court thereon made a part of the record by a bill of exceptions was essential to present the question on appeal.

While the record in this case presents some extenuating circumstances in favor of appellant, yet we find no ruling of the court below properly brought to our attention for review authorizing us to disturb its judgment.

Judgment affirmed.